UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JEREMY R. BALL AND REYNESE F. RIDLEY,<br><br>    Defendant. | Case No. CV 4:15-cv-116-BLW<br><br>**ORDER OF DEFAULT JUDGMENT AND DECREE OF FORECLOSURE AGAINST DEFENDANT JEREMY R. BALL** |

  This matter having come before the Court pursuant to the Motion for Order Granting Default Judgment and Decree of Foreclosure (ECF 12) and supporting Declaration of Thomas C. Wright (ECF 12-1) against Defendant Jeremy R. Ball; and the default of Defendant Jeremy R. Ball having been entered by the Clerk of this Court on December 22, 2015 (ECF 10); and good cause appearing therefor;

  IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

  1. That the motion for default judgment (docket no. 12) is GRANTED. The Plaintiff, United States of America, have and recover judgment of foreclosure against Defendant, Jeremy R. Ball, representing a secured debt of $144,901.91, being the amount of the principal, interest and advances due and owing as of April 28, 2015, on the Promissory Note, a copy of which is attached to Plaintiff's Amended Verified Complaint as Exhibit C, upon the following described real property situate in Bannock County, Idaho:

**ORDER OF DEFAULT JUDGMENT AND DECREE OF FORECLOSURE AGAINST DEFENDANT JEREMY R. BALL - 1**

Beginning at a point on the Southwest corner of the SE ¼ SE ¼ of Section 16, Township 5 South, Range 34 East, Boise Meridian, Bannock County, Idaho; thence East along the Southern boundary line of said Section a distance of 140 feet to the point of beginning; thence East 190 feet along the Southern boundary; thence North 458.53 feet; thence West 190 feet; thence South 458.53 feet to the point of beginning.  **APN: R3803016700**

**More commonly referred to as RR 2 Box 82 Ballard Road, Pocatello, ID  83202.**

2. The indebtedness referred to in Paragraph 1 is secured by a Deed of Trust and Rider for Section 184 Mortgage, a copy of which is attached to Plaintiff's Amended Verified Complaint as Exhibit D.

3. Plaintiff may obtain an order of this Court directing the United States Marshal to sell the above-described property at public auction and in the manner prescribed by law and the practice of this Court.  The Marshal shall execute a certificate of sale to the mortgaged real property, and deliver it to the purchaser or purchasers.  Out of the proceeds of said sale, the Marshal shall retain his fees and disbursements on said sale and pay to the Plaintiff or its attorney the remaining balance of said sale proceeds.

4. Any right, title, claim or interest that the Defendant Jeremy R. Ball may have in the real property is inferior to and subject to the lien of the Deed of Trust and mortgage owned and held by the Plaintiff, United States of America.

**ORDER OF DEFAULT JUDGMENT AND DECREE OF FORECLOSURE AGAINST DEFENDANT JEREMY R. BALL - 2**

5. The Marshal shall execute a Deed to said purchaser or purchasers immediately upon confirmation of the sale.

6. The Defendant, Jeremy R. Ball, and all persons claiming by, through and under said Defendant, and all persons having liens subsequent to said Deed of Trust and mortgage of the Plaintiff by judgment, decree or otherwise, upon the premises herein described, and their heirs or personal representatives and all persons claiming to have acquired any right, title, claim, estate or interest in or to said premises subsequent to the recording of Plaintiff's lien shall be forever barred and foreclosed of and from all equity of redemption and claim of, in or to said premises and every part thereof from and after delivery of said Marshal's Deed.

7. The Plaintiff or any party to this action may become a purchaser of the real property at said Marshal's Sale, and, if the Plaintiff becomes such purchaser, it shall be entitled to a credit on the amount bid at the sale of said property by the Marshal up to the amount of the judgment and costs and interest as set forth herein.

8. The purchaser or purchasers of said mortgaged premises at such sale shall take possession thereof.  Defendant, if in possession of said premises or any part thereof (and any person or persons who since the commencement of this action have come into possession under them or any of them) shall deliver possession thereof to such purchaser or purchasers on production of the certificate

**ORDER OF DEFAULT JUDGMENT AND DECREE OF FORECLOSURE AGAINST DEFENDANT JEREMY R. BALL - 3**

of sale for such real property or any part thereof.  The purchaser or purchasers of said mortgaged real property at such sale from and after the time of such sale shall have and receive from the tenant or tenants in possession the rents of said real property and the whole thereof or the value of the use and occupancy thereof.

9. In the event the proceeds from the sale of real property shall not fully satisfy the debt of $144,901.91 together with costs of sale and other proper charges, the Court reserves jurisdiction to enter a deficiency judgment against Defendant Jeremy R. Ball after a filing by the Plaintiff.

DATED: January 6, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**ORDER OF DEFAULT JUDGMENT AND DECREE OF FORECLOSURE AGAINST DEFENDANT JEREMY R. BALL - 4**